## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT
John Joseph Moakley U.S. Courthouse

**Consolidated appeals from the four interlocutory orders that respectively allowed University Defendants' March 30, 2020 motion to modify August 28, 2019 order to prohibit Plaintiff from using a pseudonym; and denied Plaintiff's November 1, 2022 motion to reconsider, January 30, 2023 motion under Rules 60(b)(1) and 60(b)(6), and January 31, 2023 motion under Rule 60(b)(6).**
Issued on September 12, 2022, December 29, 2022, February 1, 2023, and February 2, 2023.
In the case 3:19-cv-30056-MGM filed on April 22, 2019 at the
Springfield (Western) Divisional Office of the
United States District Court for the
District of Massachusetts.

## USCA Cases Nos. 23-1118, 23-1119, 23-1142, and 23-1143

### Jane Doe,
*Plaintiff-Appellant,*

v.

### UMass-Amherst and twelve other defendants,
*Defendants-Appellees.*

### Dated November 13, 2023

## MOTION FOR LEAVE TO FILE PROSPECTIVE
## EMERGENCY MOTION TO EXPAND RECORD ON APPEAL AFTER
## SUBMISSION OF MOTION TO RECONSIDER AT THE DISTRICT
## COURT ON OR BEFORE NOVEMBER 29, 2023

Since Saturday, October 28, 2023, Appellant has been seeking to hold in

abeyance the October 30, 2023 deadline to file the opening brief that is expected of

her in her consolidated appeal cases 23-1118, 23-1119, 23-1142, and 23-1143, on the basis of a prospective emergency motion to expand the record on appeal with current new evidence of threats and retaliation. However, as of the mailing date of the present motion, Appellant has not yet managed to achieve the memorandum of law in support of this prospective emergency motion due to a number of recent legal developments that have kept delaying completion of this document. Appellant's recent motion to withdraw (mailed on Saturday, November 4, 2023) her motion to substitute (mailed on Tuesday, October 31, 2023) touched upon one of these new events: the dismissal with prejudice of Appellant's underlying complaint by the district court on November 1, 2023. Further, a week later, Appellant was affected by another adverse legal decision of the utmost importance, adding to her burden of decisions that need her immediate attention, while she was already trying to complete as fast as she could the aforementioned memorandum.[1]

In regard to the November 1, 2023 dismissal with prejudice above-mentioned, Appellant explained in the rewritten motion to substitute, which accompanied the aforesaid motion to withdraw mailed on Saturday, November 4, 2023, that owing to threats and retribution with which she seeks to expand the record on appeal, it has become nearly impossible for her to access the legal information urgently required

---

[1] Appellant attached a copy of the document on which her argument in the appeal case 23-1118, which she has been desperately striving to finish as fast as she can, hinges. This document corresponds to tables drawn by Appellant to summarize various precedents (from the First Circuit and other circuits) and district courts' decisions on the issue of pseudonymity identified and selected as relevant citations by Appellant.

to prepare and submit on or before December 1, 2023[2] her motion to reconsider this November 1, 2023 dismissal order. This situation is still true and has now an impact even bigger given that since November 8, 2023 Appellant has now not just one but two very critical adverse judicial orders to address (a task requiring Appellant to perform highly substantial legal research) as fast as she can.

Appellant's federal case is *extremely unusual* (on virtually every aspect: the substance; the procedural delays from all fora as well as the US district court's both errors and departure from standard case management; some of the defendants' conduct after service of the complaint; Appellant's vulnerability; the denial by diverse entities of meaningful legal representation to Appellant; the consequential power/resources imbalance between the defendants and Appellant, etc.) and has already caused Appellant to endure some of the *most severe consequences*. Although Appellant first believed, when she mailed on November 4, 2023 her motion to withdraw, that she would be able to finish and mail last week the legal memorandum in support of her prospective emergency motion to expand the record on appeal, the weight of the November 8, 2032 setback as well as the realization that several holidays during this month would make her lose much precious time to work on her most urgent emergency (i.e., her motion to reconsider), are now obliging Appellant

---

[2] Appellant, who has no legal training, erroneously stated in that motion "on or before December 1, 2023" believing that she had 30 days to submit a motion to reconsider under Rule 59(e) when in fact she has only 28 days. Therefore, Appellant should have stated **on or before November 29, 2023**.

to seek at this Court the authorization to delay the submission of this prospective emergency motion to a date after she has filed her motion to reconsider. The 28-day delay to file a motion to reconsider under Rule 59(e) is indeed non extendable as Appellant first learned at her own expense (*see* the issue to be presented for review in appeal case 23-1142). In addition, given the magnitude of the memorandum to be written in support of this motion (only nine days after the issuance of the November 1, 2023 dismissal order, which is <u>sixty pages long</u>, was Appellant able to grasp the full extent of the herculean task required of her, besides <u>in a record time</u>), Appellant has no other choice than to reluctantly stop her efforts on the prospective emergency motion to expand the record announced since Saturday, October 28, 2023 in order to ask this Court to allow her to file the latter after she has completed and submitted to the lower court on or before November 29, 2023 her motion to reconsider.

Appellant reminds this Court that she became indigent many years ago for having had the courage to try to assert her rights; and this dire situation has only been aggravated along the years while the fora where she was obliged per law to first seek a remedy kept denying her timely decisions, clearly as a strategy to abuse her ignorance of the law (the underlying objective having been of making the statutes of limitations expire)—a procedural weaponry tactic that the district court seemingly condoned in its dismissal order, which is primarily based on the denial of equitable tolling for the large number of claims brought by Appellant that are vulnerable to a

4

lack of jurisdiction defense by way of apparent untimeliness. Most importantly, as a result of this years-long and high-level destitution, Appellant is currently housing (and thus mailing address), transportation, food, computer, telephone, internet, printer, workstation, storage, and even (since October 24, 2023) Pacer-access insecure. Nonetheless, Appellant seeks to pursue the litigation of her claims, which she believes are viable for the major part, as well as of her current appeal cases at this Court; but the only way to attain this goal entails now more than ever attempting to obtain supplemental time where seeking time enlargement is permitted.

Wherefore, to that end, Appellant moves this Court for leave to submit her prospective emergency motion to expand the record on appeal with current new evidence of threats and reprisals in connection with her underlying complaint at the district court, after her prospective motion to reconsider is filed at the lower court on or before November 29, 2023. (Parenthetically, Appellant also intends to apply there for court-appointed pro bono legal services, as announced at footnote thirty-nine in the proposed amended emergency motion to stay October 30, 2023 opening brief filing deadline mailed to this Court on November 4, 2023, to increase her chances of obtaining *at long last* an oral argument and/or an evidentiary hearing at the district court, as well as to access again court documents available only via Pacer.)

Respectfully submitted,
/s/ Jane Doe

## Certificate of Service

On November 13, 2023, Appellant hereby certifies that on the same day she served the instant motion and its single attachment (Attachment #01) by mailing printed copies of these documents, via U.S.P.S. regular mail to the Clerk's office of the U.S. Court of Appeals for the First Circuit located at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2500, Boston, MA 02210. Subsequently, Appellant emailed copies of the corresponding digital files to the opposing parties' attorneys, namely, Atty. Mark Johnson, Assistant Attorney General Hannah Vail, and Atty. Deborah Ecker.

Respectfully submitted,
/s/ Jane Doe

Encl.: As Attachment #01, tables drawn by Appellant (last updated on October 18, 2023) to lay out the complexity and variety of the tests for adjudicating plaintiffs' pseudonymity motions in civil litigations across the twelve regional circuits organized from the ninety-four U.S. judicial districts.

# ATTACHMENT #01

**S1**

| MULTI-PARADIGM TEST | MULTI-FACTOR BALANCING TESTS | | |
|---|---|---|---|
| 4-paradigm test | 10-factor test | 9-factor test | |

**MULTI-PARADIGM TEST — 4-paradigm test**

FIRST CIRCUIT (MA, ME, NH, PR, RI)

Doe v. Mass. Inst. of Tech., 46 F.4th 61, 71-72 (1st Cir. 2022) ("[W]e think it useful to sketch four general categories of exceptional cases in which party anonymity ordinarily will be warranted.")

See also Doe v. Town of Lisbon, 78 F.4th 38, 46 (1st Cir. 2023) and Doe C.L. v. New Prime Inc., No. 1:23-cv-12009-MJJ, at *1-2 (D.Mass. September 29, 2023)

**1.** The first paradigm involves a would-be Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological). See, e.g., Doe v. Ayers, 789 F.3d 944, 945 (9th Cir. 2015) (allowing use of pseudonym premised upon evidence that disclosure of plaintiff-inmate's history of being sexually abused "would create a significant risk of severe harm at the hands of other inmates"); Advanced Textile, 214 F.3d at 1071 (allowing use of pseudonym for plaintiffs who "fear[ed] extraordinary retaliation, such as deportation, arrest, and imprisonment"); Lauren B. v. Baxter Int'l Inc. & Subsidiaries Welfare Benefit Plan for Active Emps., 298 F.R.D. 571, 573 (N.D. Ill. 2014) (allowing anonymity when public disclosure would threaten plaintiff's recovery from longstanding eating disorder); see generally Sealed Plaintiff, 537 F.3d at 190 (listing, as factor favoring anonymity, "whether identification poses a risk of retaliatory physical or mental harm" (quoting James, 6 F.3d at 238)).

**2.** The second paradigm involves cases in which identifying the would-be Doe would harm "innocent non-parties." Id. (quoting James, 6 F.3d at 238); see Doe v. Trs. of Dartmouth Coll., No. 18-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (explaining that nonparty "has a stronger case for anonymity" than party); see also Doe v. Eason, No. 98-2454, 1999 WL 33942103, at *3 (N.D. Tex. Aug. 4, 1999) (granting pseudonym status to parents in litigation involving their minor child).

**3.** The third paradigm involves cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated. See Megless, 654 F.3d at 410 (emphasizing need to ascertain whether "other similarly situated litigants [will] be deterred from litigating claims that the public would like to have litigated"). Because "courts provide the mechanism for the peaceful resolution of disputes that might otherwise give rise to attempts at self-help," they must be wary of "deter[ring] the legitimate exercise of the right to seek a peaceful redress of grievances through judicial means." Talamini v. Allstate Ins. Co., 470 U.S. 1067, 1070-71, 105 S.Ct. 1824, 85 L.Ed.2d 125 (1985) (Stevens, J., concurring); see BE & K Constr. Co. v. NLRB, 536 U.S. 516, 532, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002). A deterrence concern typically arises in cases involving "intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." In re Sealed Case, 971 F.3d at 327. Also typical are cases in which a potential party may be implicated in "illegal conduct, thereby risking criminal prosecution," cases in which a third-party would suffer "the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." Frank, 951 F.2d at 324.

**MULTI-FACTOR BALANCING TESTS — 10-factor test**

SECOND CIRCUIT (CT, NY, VT)

Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190 (2d Cir. 2008)

See also United States v. Pilcher, 950 F.3d 39, 42 (2d Cir. 2020) and Doe 1 et al v. Starpoint Central School District et al., No. 1:23-cv-00207-LJV, 2023 WL 2752509, at *3-4 (W.D.N.Y. April 3, 2023)

**(1)** whether the litigation involves matters that are "highly sensitive and [of a] personal nature," Zavaras, 139 F.3d at 80; see also James v. Jacobson, 6 F.3d 233, 238 (4th Cir.1993); Doe v. Frank, 951 F.2d 320, 323 (11th Cir.1992);

**(2)** "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties," Jacobson, 6 F.3d at 238; see also Zavaras, 139 F.3d at 803; Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y.1996);

**(3)** whether identification presents other harms and the likely severity of those harms, see Advanced Textile Corp., 214 F.3d at 1068, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," Zavaras, 139 F.3d at 803;

**MULTI-FACTOR BALANCING TESTS — 9-factor test**

THIRD CIRCUIT (DE, NJ, PA, VI)

Doe v. Megless, 654 F.3d 404, 409 (3d Cir. 2011) (quoting Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D.Pa. 1997))

See also Doe v. Coll. of New Jersey, 997 F.3d 489, 495 (3d Cir. 2021) and Doe v. University of Pennsylvania, No. 2:22-cv-02689-CMR, at *4-5 (E.D.Pa. March 23, 2023) [appeal pending]

The factors in favor of anonymity included:

**(1)** the extent to which the identity of the litigant has been kept confidential;

**(2)** the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;

**(3)** the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;

| S2 | MULTI-PARADIGM TEST | MULTI-FACTOR BALANCING TESTS | |
|---|---|---|---|
| | 4-paradigm test | 10-factor test | 9-factor test |
| | FIRST CIRCUIT (MA, ME, NH, PR, RI)  Doe v. Mass. Inst. of Tech., 46 F.4th 61, 71-72 (1st Cir. 2022) ("[W]e think it useful to sketch four general categories of exceptional cases in which party anonymity ordinarily will be warranted.")  See also Doe v. Town of Lisbon, 78 F.4th 38, 46 (1st Cir. 2023) and Doe C.L. v. New Prime Inc., No. 1:23-cv-12009-MJJ, at *1-2 (D.Mass. September 29, 2023) | SECOND CIRCUIT (CT, NY, VT)  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190 (2d Cir. 2008)  See also United States v. Pilcher, 950 F.3d 39, 42 (2d Cir. 2020) and Doe 1 et al v. Starpoint Central School District et al., No. 1:23-cv-00207-LJV, 2023 WL 2752509, at *3-4 (W.D.N.Y. April 3, 2023) | THIRD CIRCUIT (DE, NJ, PA, VI)  Doe v. Megless, 654 F.3d 404, 409 (3d Cir. 2011) (quoting Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D.Pa. 1997))  See also Doe v. Coll. of New Jersey, 997 F.3d 489, 495 (3d Cir. 2021) and Doe v. University of Pennsylvania, No. 2:22-cv-02689-CMR, at *4-5 (E.D.Pa. March 23, 2023) [appeal pending] |
| | | (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, see Advanced Textile Corp., 214 F.3d at 1068, particularly in light of his age, see Jacobson, 6 F.3d at 238; see also Del Rio, 241 F.R.D. at 157; | (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; |
| | | (5) whether the suit is challenging the actions of the government or that of private parties, see Jacobson, 6 F.3d at 238; Frank, 951 F.2d at 323; | (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; |
| | | 6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, see Advanced Textile Corp., 214 F.3d at 1068; | (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives. |

[4] The fourth paradigm involves suits that are bound up with a prior proceeding made confidential by law. This concern manifests itself when denying anonymity in the new suit would significantly undermine the interests served by that confidentiality. *72 See, e.g., R.F.M. v. Nielsen, 365 F. Supp. 3d 350, 371 (S.D.N.Y. 2019) (granting pseudonymity to non-minor plaintiffs challenging immigration authorities' denial of "special immigrant juvenile" status due to family court adjudications, in part because "related records from the New York Family Courts are protected by law"); Doe v. Bates, 18-1250, 2018 WL 4539034, at *1 (S.D. Ill. Sept. 21, 2018) (granting pseudonym status to plaintiff bringing excessive force claim arising from juvenile detention because "revealing his identity would, in effect, unravel the protections afforded to his juvenile record").

[5]

[6]

S3

| MULTI-FACTOR BALANCING TESTS | | MULTI-PARADIGM TEST |
| --- | --- | --- |
| 10-factor test | 9-factor test | 4-paradigm test |
| SECOND CIRCUIT (CT, NY, VT) Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190 (2d Cir. 2008)<br><br>See also United States v. Pilcher, 950 F.3d 39, 42 (2d Cir. 2020) and Doe 1 et al v. Starpoint Central School District et al., No. 1:23-cv-00207-LJV, 2023 WL 2752509, at *3-4 (W.D.N.Y. April 3, 2023) | THIRD CIRCUIT (DE, NJ, PA, VI) Doe v. Megless, 654 F.3d 404, 409 (3d Cir. 2011) (quoting Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D.Pa. 1997))<br><br>See also Doe v. Coll. of New Jersey, 997 F.3d 489, 495 (3d Cir. 2021) and Doe v. University of Pennsylvania, No. 2:22-cv-02689-CMR, at *4-5 (E.D.Pa. March 23, 2023) ) [appeal pending] | FIRST CIRCUIT (MA, ME, NH, PR, RI) Doe v. Mass. Inst. of Tech., 46 F.4th 61, 71-72 (1st Cir. 2022) ("[W]e think it useful to sketch four general categories of exceptional cases in which party anonymity ordinarily will be warranted.")<br><br>See also Doe v. Town of Lisbon, 78 F.4th 38, 46 (1st Cir. 2023) and Doe C.L. v. New Prime Inc., No. 1:23-cv-12009-MJJ, at *1-2 (D.Mass. September 29, 2023) |
| (7) whether the plaintiff's identity has thus far been kept confidential, see Del Rio, 241 F.R.D. at 157; | On the other side of the scale, factors disfavoring anonymity included:<br>(1) the universal level of public interest in access to the identities of the litigants; | |
| (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, see Advanced Textile Corp., 214 F.3d at 1068; | (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; | |
| (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," Del Rio, 241 F.R.D. at 157; | (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. | |
| (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff, cf. Aware Woman Ctr., 253 F.3d at 687. | | |

7

8

9

10

S4

## MULTI-FACTOR BALANCING TESTS

| | 5-factor test | 5-factor test | 4-factor test | 4-factor test | 6-factor test since Trustees of Ind. |
|---|---|---|---|---|---|
| | FOURTH CIRCUIT (MD, NC, SC, VA, WV) <br><br> James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993) <br><br> See also Doe v. Pub. Citizen, 749 F.3d 246, 273 (4th Cir. 2014) and Doe v. Sidar, No. 1:22-cv-00545-CMH-JFA, 2023 WL 2065671, at * (E.D.Va. February 16, 2023) [appeal pending] | D.C. CIRCUIT (D.C.) <br><br> In re Sealed Case, 931 F.3d 92, 97 (D.C. Cir. 2019) (citing James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993) <br><br> See also In re Sealed Case, 971 F.3d 324, 327 (D.C. Cir. 2020) and Doe v. United States Department of Justice, No. 1:23-01467-JEB, 2023 WL 3883939, *1-2 (D.C.C. June 1, 2023) [appeal pending] | FIFTH CIRCUIT (LA, MS, TX) <br><br> Doe v. Stegall, 653 F.2d 180, 185-86 (5th Cir. 1981) (referring to S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979)) <br><br> See also Doe v. Texas Dep't of Crim. Just., No. 7:22-cv-00038-O, 2022 WL 18275876, at *1 (N.D.Tex. December 28, 2022), report and recommendation adopted, No. 7:22-cv-00038-O, 2023 WL 172043 (N.D.Tex. January 12, 2023) | SIXTH CIRCUIT (KY, MI, OH, TN) <br><br> Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004) (citing Doe v. Stegall, 653 F.2d 180, 185-86 (5th Cir. 1981)) <br><br> See also <br><br> D.E. v. John Doe, 834 F.3d 723, 728 (6th Cir. 2016), Doe v. Michigan State Univ., No. 1:19-cv-226-JTN, 2019 WL 13417783, at *1 (W.D.Mich. August 14, 2019), and Doe v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:23-cv-00736-BDH, 2023 WL 6211372, at *1 (M.D.Tenn. September 25, 2023) | SEVENTH CIRCUIT (IL, IN, WI) <br><br> Doe v. Purdue Univ., 321 F.R.D. 339, 341 (N.D.Ind. 2017) (quoting Doe v. Indiana Black Expo, Inc., 923 F.Supp. 137, 139 (S.D.Ind. 1996) (quoting in turn Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (citing, inter alia, James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993) and Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)))) <br><br> See also Doe v. Trustees of Indiana Univ., 577 F. Supp. 3d 896, 902 (S.D.Ind. 2022) [adding "(6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system."] |
| 1 | whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; | [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; | (1) plaintiffs seeking anonymity were suing to challenge governmental activity; | (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; | (1) whether the plaintiff is challenging governmental activity; |
| 2 | whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; | [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties) | (2) prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy;" and | (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; | (2) whether the plaintiff would be required to disclose information of the utmost intimacy; |
| 3 | the ages of the persons whose privacy interests are sought to be protected; | [3] the ages of the persons whose privacy interests are sought to be protected; | (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. | (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; | (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; |
| 4 | whether the action is against a governmental or private party; | [4] whether the action is against a governmental or private party; | "A final factor we find especially persuasive is the fact that plaintiffs are children." | and (4) whether the plaintiffs are children. | (4) whether the plaintiff would risk suffering injury if identified; |
| 5 | and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. | and, relatedly, [5] the risk of unfairness to the opposing party from allowing party to proceed anonymously. | | | and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced. |

## MULTI-FACTOR BALANCING TESTS

S5

| | 5-factor test | 3-factor test | 3-factor test (before Plaintiff B) |
|---|---|---|---|
| EIGHTH CIRCUIT (AR, IA, MN, MO, NE, ND, SD)<br>Doe v. University of St. Thomas, No. 16–cv–1127–ADM–KMM, D. Minnesota. 2016 WL 9307609, at *1–*2 (D.Min. May 25, 2016)<br><br>See also D.O. by & through S.O. v. Ozark Horizon State Sch., No. 6:22-cv-03265-WBG, 2023 WL 3254986, at *2 (W.D.Mo. May 4, 2023)<br><br>No test per se. (Applying tests of the 11th and/or 2nd Circuit, or factors from the 1st, 3rd, 6th, and 11th Circuits.) | NINTH CIRCUIT (AK, AZ, CA, GU, HI, ID, MP, MT, NV, OR, WA)<br>Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068-69 (9th Cir. 2000) ("where[] pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors:")<br><br>See also Doe ex rel. Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 625 F.3d 1182, 1192 (9th Cir. 2010), Doe v. Ayers, 789 F.3d 944, 945-46 (9th Cir. 2015), Doe v. Github, Inc., No. 4:22-cv-06823-JST, 2023 WL 3449131, at *7 (N.D.Cal. May 11, 2023), and Doe v. Revature LLC, No. 2:22-cv-01399-TL, 2023 WL 4583470, at *3 (W.D.Wash. July 18, 2023) )<br>[appeal pending] | TENTH CIRCUIT (CO, KS, NM, OK, UT, WY)<br>M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) and Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000) (both quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992))<br><br>See also Raiser v. Brigham Young University, 127 F. App'x 409, 411 (10th Cir. 2008), Doe v. Kappa Kappa Gamma Fraternity, No. 2:23-cv-00051-ABJ, 2023 WL 4895885, at *2 (D.Wy. April 6, 2023), and Doe v. Willis, No. 1:23-cv-02171-REB-SBP, 2023 WL 6907100, at *1 (D.Colo. September 22, 2023) | ELEVENTH CIRCUIT (AL, FL, GA)<br>Doe v. Frank, 951 F.2d 320, 323-24 (11th Cir. 1992) ("In Stegall, the Fifth Circuit isolated and catalogued the circumstances common to the 'Doe cases' collected in its prior opinion, Southern Methodist Univ. Ass'n v. Wynne & Jaffe, 599 F.2d 707, 712 (5th Cir.1979).") |
| | (1) the severity of the threatened harm, see [illegible]; | A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, | A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, |
| | 2) the reasonableness of the anonymous party's fears, see Stegall, 653 F.2d at 186; | real danger of physical harm, | real danger of physical harm, |
| | and (3) the anonymous party's vulnerability to such retaliation, see [illegible] (discussing vulnerability of child plaintiffs); [illegible] (recognizing enhanced risks to long-term prison inmate). | or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. | or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. |
| | The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. See James, 6 F.3d at 240–41 (evaluating defendants' assertions that plaintiffs' use of pseudonyms would prejudice the jury against the defendants and would impair defendant's ability to impeach plaintiffs' credibility). | | |
| | Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. See [illegible] (recognizing that "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them."). | | |

S6

## MULTI-FACTOR BALANCING TESTS

| 5-factor test | 3-factor test | 6-factor test (since Plaintiff B) |
|---|---|---|
| EIGHTH CIRCUIT (AR, IA, MN, MO, NE, ND, SD)<br><br>Doe v. University of St. Thomas, No. 16-cv-1127-ADM-KMM, D. Minnesota, 2016 WL 9307609, at *1,*2 (D.Min. May 25, 2016)<br><br>See also D.O. by & through S.O. v. Ozark Horizon State Sch., No. 6:22-cv-03265-WBG, 2023 WL 3254986, at *2 [W.D.Mo. May 4, 2023]<br><br>No test per se. (Applying tests of the 11th and/or 2nd Circuit, or factors from the 1st, 3rd, 6th, and 11th Circuits.) | NINTH CIRCUIT (AK, AZ, CA, GU, HI, ID, MP, MT, NV, OR, WA)<br><br>Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068-69 (9th Cir. 2000) ("where[] pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors:")<br><br>See also Doe ex rel. Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 625 F.3d 1182, 1192 (9th Cir. 2010), Doe v. Ayers, 789 F.3d 944, 945-46 (9th Cir. 2015), Doe v. Github, Inc., No. 4:22-cv-06823-JST, 2023 WL 3449131, at *7 (N.D.Cal. May 11, 2023), and Doe v. Revature LLC, No. 2:22-cv-01399-TL, 2023 WL 4583470, at *3 (W.D.Wash. July 18, 2023) ] [appeal pending] | TENTH CIRCUIT (CO, KS, NM, OK, UT, WY)<br><br>M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) and Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000) [both quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)]<br><br>See also Raiser v. Brigham Young University, 127 F. App'x 409, 411 (10th Cir. 2008), Doe v. Kappa Kappa Gamma Fraternity, No. 2:23-cv-00051-ABJ, 2023 WL 4895885, at *2 [D.Wy. April 6, 2023], and Doe v. Willis, No. 1:23-cv-02171-REB-SBP, 2023 WL 6907100, at *1 (D.Colo. September 22, 2023) |
| | | ELEVENTH CIRCUIT (AL, FL, GA)<br><br>Plaintiff B v. Francis, 631 F.3d 1310, 1316 (11th Cir. 2011) (first citing S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707 (5th Cir. 1979); then citing Stegall, 653 F.2d 180)<br><br>See also Doe v. Samford Univ., No. 2:21-cv-00871-ACA, 2021 WL 3403517, at *1 (N.D.Ala. July 30, 2021), and Doe v. Predator Catchers, Inc., 343 F.R.D. 633, 636 (M.D.Fla. March 27, 2023) (quoting Strike 3 Holdings, LLC v. Doe, No. 5:22-cv-00307-JA-PRL, 2023 WL 113564, at *1 (M.D.Fla. January 5, 2023))<br><br>1) the case involves a challenge to government or private activity;<br><br>2) the party will be required to disclose information of the utmost intimacy;<br><br>3) the party would be threatened by violence or physical harm if they proceeded in their real name;<br><br>4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution;<br><br>5) the party is a minor;<br><br>and 6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant. |

1
2
3
4
5
6



Jane Doe
813 North Pleasant St.
Amherst, MA 01003

Retail





02210

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
AMHERST, MA 01002
NOV 13, 2023

**$2.07**

R2304M111243-05

John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2501
Boston, MA 02210

